**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ENVIRONMENTAL MANUFACTURING
SOLUTIONS, LLC and HEARTLAND
ENERGY GROUP, LTD.,

                Plaintiffs,

v.                                         Case No:  6:18-cv-156-Orl-40KRS

FLUID ENERGY GROUP, LTD. and
CLAY PURDY,

                Defendants.

_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

| PLEASE TAKE NOTE |
|---|
| All parties must thoroughly review the contents of this order, which shall govern all proceedings in this action, unless subsequently modified by written order for good cause shown. |

Having considered the Case Management Report prepared by the parties, *see*

Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c), the Court enters this Case

Management and Scheduling Order:

| | |
|---|---|
| **Mandatory Initial Disclosures** | **APRIL 6, 2018** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | **Complete** |
| **Motions to Add Parties or to Amend Pleadings** | **MAY 8, 2018** |
| **Disclosure of Expert Reports** Plaintiff: Defendant: | **JANUARY 8, 2019** **FEBRUARY 8, 2019** |
| **Discovery Deadline** | **MARCH 1, 2019** |

| | |
|---|---|
| The parties are advised that the pendency of a dispositive motion, such as a motion to dismiss or for summary judgment, does not stay the deadline for completion of discovery.  Parties who elect to forego discovery on the merits of any claim or defense due to the pendency of a dispositive motion or for any other reason, without leave of Court, will not be entitled to an extension of the deadlines set forth in this order. | |
| Dispositive Motions, *Daubert*, and *Markman* Motions | **APRIL 3, 2019** |
| *Meeting In Person* to Prepare Joint Final Pretrial Statement.  Parties shall disclose to each other, in writing, whether any trial witness will be appearing live at trial, or via deposition designation.  Parties shall be bound by their disclosures, which shall be incorporated into the Court's Final Pretrial Order. | **JULY 9, 2019** |
| *Joint Final Pretrial Statement* (including a single set of jointly-proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form, and Deposition Designations).  Also send Jointly-Proposed Jury Instructions and Verdict Form to Chamber's email [chambers_flmd_Byron@flmd.uscourts.gov] in Microsoft Word® format and send all full deposition transcripts the parties intend to designate for use at trial to the Court on a CD or thumb drive. | **JULY 23, 2019** |
| All Other Motions Including Motions *In Limine* and Objections to Deposition Designations and Counter-Designations on approved form.<br><br>(MULTIPLE MOTIONS IN LIMINE DISFAVORED.  ALL REQUESTS TO LIMIT EVIDENCE MUST BE INCLUDED IN A SINGLE MOTION NOT TO EXCEED 25 PAGES WITHOUT PRIOR LEAVE OF COURT.  RESPONSES LIMITED TO 20 PAGES WITHOUT PRIOR LEAVE OF COURT.) | **JULY 30, 2019** |
| Objections to Counter-Designations | **AUGUST 6, 2019** |
| Final Pretrial Conference                                    Date:<br>Time:<br>Judge: | **AUGUST 20, 2019**<br>**3:00 p.m.**<br>**Paul G. Byron**<br>**Courtroom 4B** |
| Trial Term Begins | **SEPTEMBER 3, 2019**<br>**9:00 a.m.** |

| Estimated Length of Trial | 4 days |
|---|---|
| Jury / Non-Jury | Jury |

| Mediation | | |
|---|---|---|
| | **Deadline:** | **MARCH 15, 2019** |
| **Designated Lead Counsel shall contact opposing counsel and the mediator to reserve a conference date and shall file a Notice with the Court within 14 days of this Order advising of the date.** | **Mediator:** | **Richard F. Joyce** |
| | **Address:** | **26336 State Road 19 Suite 2 Howey-in-the-Hills, FL 34737** rick@centralfloridamediators.com |
| | **Telephone:** | **(407) 697-6156** |
| **Designated Lead Counsel Pursuant to Local Rule 9.04(a)(3)** **Lead Counsel Telephone Number** | **Attorney Name:** | **Amber N. Davis (407) 926-7716** |

The purpose of this order is to discourage wasteful pretrial activities and to secure the just, speedy, and inexpensive determination of the action. *See* Fed. R. Civ. P. 1; Local Rule 1.01(b). This order controls the subsequent course of this proceeding. Fed. R. Civ. P. 16(b), (e). Counsel and all parties (both represented and *pro se*) shall comply with this order, with the Federal Rules of Civil Procedure, with the Local Rules of the United States District Court for the Middle District of Florida, and with the Administrative Procedures for Case Management/Electronic Case Filing. **A copy of the Local Rules and Administrative Procedures may be viewed at http://www.flmd.uscourts.gov**. Counsel shall also comply with the Ideals and Goals of Professionalism adopted by the Board of Governors of the Florida Bar on May 16, 1990 available at www.floridabar.org (Professional Practice – Henry Latimer Center for Professionalism); Local Rule 2.04(g).[1]

---

[1] *See also* procedures for the presiding district judge found under Judicial Information at www.flmd.uscourts.gov.

# I.    DISCOVERY

**A.    Certificate of Interested Persons and Corporate Disclosure Statement** – This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper – including emergency motion – may be denied or stricken unless the filing party has previously filed and served a Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate shall do so within fourteen (14) days from the date of this order, or sanctions will be imposed.

**B.    Discovery Not Filed –** The parties shall not file discovery materials with the Court except as provided in Local Rule 3.03(e). The Court encourages the exchange of discovery requests on CD or by e-mail.

**C.    Limits on Discovery –** Absent leave of Court, the parties may take no more than ten (10) depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).  Absent leave of Court, the parties may serve no more than twenty-five (25) interrogatories, including sub-parts.  Fed. R. Civ. P. 33(a).  Absent leave of Court or stipulation by the parties, each deposition is limited to one (1) day of seven (7) hours. Fed. R. Civ. P. 30(d)(2).  The Court will expect counsel to utilize requests for production of documents under Federal Rule of Civil Procedure 34 in a thoughtful, case-specific, non-harassing fashion.  Responses should be timely, complete, and devoid of boilerplate, non-specific objections.  Failure to follow these guidelines will result in limitations on production requests and/or the imposition of sanctions.  The parties may agree by stipulation on other limits on discovery within the context of the limits and deadlines established by this Case Management and Scheduling Order, but the parties may not alter the terms of this Order without leave of Court. *See, e.g.*, Fed. R. Civ. P. 29.

**D.    Discovery Deadline –** Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.

**E.    Disclosure of Expert Testimony –** On or before the date set forth in the above table for the disclosure of expert reports, the party shall fully comply with Federal Rules of Civil Procedure 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information in the written expert report disclosed pursuant to this Order.  Each paragraph of the expert report shall be numbered.  The expert shall clearly state his or her opinions in a section entitled

"OPINIONS," with each opinion listed separately.  Each party is limited to one expert per topic, issue, or subject matter absent leave of court.   If co-plaintiffs or co-defendants desire to disclose separate experts whose opinions address opinions issued by another expert, leave of court is required prior to the disclosure of the overlapping experts. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

F.      **Confidentiality Agreements –** The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." *See also* "Motions to File Under Seal" below.

## II.    MOTIONS

A.      **Certificate of Good Faith Conference –** Before filing any motion in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has **conferred** with the opposing party, and that the parties have been unable to agree on the resolution of the motion. Local Rule 3.01(g); Fed. R. Civ. P. 26(c). A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. *See* Local Rule 3.01(g). No certificate is required in a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action.   Local Rule 3.01(g). Nonetheless, the Court expects that a party alleging that a pleading fails to state a claim will confer with counsel for the opposing party before moving to dismiss and will agree to an order permitting the filing of a curative amended pleading. Fed. R. Civ. P. 15.  The term "counsel" in Rule 3.01(g) includes *pro se* parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring *pro se* movants to file Rule 3.01(g) certificates.  The term "confer" in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter or email. Counsel who merely "attempt" to confer have not "conferred." Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for

Professionalism). The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

### B. Extension of Deadlines

The parties may not extend deadlines established in this Case Management and Scheduling Order without the Court's approval.

1.  **Dispositive Motions Deadline and Trial Not Extended** – Motions to extend the dispositive motions deadline or to continue trial are generally denied. *See* Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice.  A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.09.  The Court cannot extend a dispositive motions deadline to the eve of trial. In light of the district court's heavy felony trial calendar, at least 4 months are required before trial to receive memoranda in opposition to a motion for summary judgment and to research and resolve the dispositive motion sufficiently in advance of trial.

2.  **Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b). Failure to complete discovery within the time established by this Order shall not constitute good cause for continuance. A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the additional discovery is necessary for specified reasons; 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 3) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 4) no party will use the granting of the extension in support of a motion to extend another date or deadline. The movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery. Local Rule 3.09(b).The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

### C. Motions to Compel and for Protective Order

**C.** **Motions to Compel and for Protective Order** – Motions to compel and motions for a protective order will be denied unless the motion fully complies with Local Rule 3.04, which requires the motion to quote in full each interrogatory, question, or request; to quote in full the opposing party's objection and grounds, or response which is asserted to be insufficient; and to state the reasons why the motion should be granted.

**D.** **Motions to File Under Seal** – Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced

documents are confidential. Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.09.

**E.** **Memoranda in Opposition** – Each party opposing any written motion shall file, within fourteen (14) days after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested. Local Rule 3.01(b). Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed. Motions titled as "unopposed" or "agreed" normally come to the Court's attention prior to the deadline for response. If the parties are in agreement, counsel shall identify motions as "unopposed" or "agreed."

**F.** **Emergency Motions** – The Court may consider and determine emergency motions at any time. Local Rule 3.01(e). Counsel should be aware that the designation "emergency" may cause a judge to abandon other pending matters in order to immediately address the "emergency." The Court may sanction any counsel or party who designates a motion as "emergency" under circumstances that are not a true emergency. *Id.* It is not an emergency when counsel has delayed discovery until the end of the discovery period. Promptly after filing an emergency motion, counsel shall place a telephone call to the chambers of the presiding judge to notify the Court that an emergency motion has been filed.

**G.** **Page Limits** – No party shall file a motion and supporting memorandum in excess of twenty-five pages or a response in excess of twenty (20) pages except by permission of the Court. Local Rule 3.01(a), (b). A motion requesting leave to file either a motion in excess of twenty-five (25) pages, a response in excess of twenty (20) pages, or a reply or further memorandum may not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed motion, response, reply, or other paper. Local Rule 3.01(d). Motions for relief from page limitations are disfavored and will not be granted without a specific showing of good cause.

**H.** **Motions for Summary Judgment**

1. **Required Materials** – A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine dispute for trial, and shall be accompanied by a memorandum of law, affidavits and other evidence in the form required by Federal Rule of Civil Procedure 56. The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five (25) pages. Local Rule 3.01(a). Each party opposing a motion for summary judgment shall file and serve, within **fourteen (14) days** after being served with such motion, a legal memorandum with citation to authorities in opposition to the relief requested of not more than **twenty (20) pages**. *Id.* The memorandum in opposition

shall specify the material facts as to which the opposing party contends there exists a genuine dispute for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Federal Rule of Civil Procedure 56. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact. General references to a deposition are inadequate. On or before the date on which the memorandum in opposition is due, the parties **SHALL** also file a stipulation of agreed material facts signed by the movant and the parties opposing summary judgment pursuant to Local Rule 4.15. Material facts set forth in the stipulation will be deemed admitted for the purposes of the motion. The Court will accept a ten (10) page reply without leave of Court.  The reply shall be limited to addressing issues raised by the opposing party that have not already been addressed in the motion. The reply shall be filed within **fourteen (14) days** after the response is served.

2. **Under Advisement** – The Court takes a motion for summary judgment under advisement **no earlier than thirty (30) days** from the date it is served, unless the Court orders a different date. Unless specifically ordered, the Court will not hold a hearing on the motion. Failure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam); Fed. R. Civ. P. 56 (e). All requirements in this Order apply to *pro se* litigants as well as to parties represented by counsel.

**I.** ***Daubert* and *Markman* Motions**[2] – On or before the date established in the above table for the filing of motions for summary judgment, any party seeking a ruling pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) (admissibility of expert opinions) or pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) (interpretation of a patent claim) shall file an appropriate motion. The parties shall prepare a glossary of technical or scientific terms where appropriate for the Court. Please note, challenges to an opinion offered by an expert, including the facts considered by the expert, the expert's methodology, and the content and scope of the opinion(s) shall not be raised in a motion *in liminie*.  All challenges to expert testimony shall be presented in compliance with the deadline for *Daubert* motions.

**J.** **All Other Motions Including Motions *In Limine*** – On or before the date established in the above table, the parties shall file and serve all other motions including motions *in limine*. Local Rule 3.01(g) applies, and the parties shall confer to define and limit the issues in dispute.

---

[2] All *Daubert* challenges and motions to strike the adequacy of compliance with Fed. R. Civ. P. 26 of an expert's report are to be ruled p on by the district judge unless specifically referred to the magistrate for a report and recommendation.

### III.    JOINT FINAL PRETRIAL STATEMENT

**A.    Meeting In Person** – On or before the date established in the above table, **lead trial counsel** for all parties and any **unrepresented parties** shall meet together **in person** pursuant to Local Rule 3.06(b) in a good faith effort to:

1.    Settle the case; the parties shall thoroughly and exhaustively discuss settlement of the action before undertaking the extensive efforts needed to conduct final preparation of the case for trial and to comply with the requirements of this order;

2.    Stipulate to as many facts and issues as possible; in order to assist the Court, the parties shall make an active and substantial effort to stipulate at length and in detail as to agreed facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested; as a rule, parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial;

3.    Tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial [Local Rule 3.06(b)(3) and 3.07(a)]; and prepare and exchange a final exhibit list on the Clerk's approved form (attached to this order) bearing a description identifying each exhibit and sponsoring witness [Local Rule 3.07(b)]; it is anticipated that counsel will agree to the admission of the bulk of the opposing parties' exhibits without objection and shall designate on the exhibit list the exhibits which the Court may admit without objection at trial. Absent good cause, the Court will not receive in evidence over objection any exhibits—including charts, diagrams, and demonstrative evidence—not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting or not listed in the joint final pretrial statement. Photographs of sensitive exhibits (i.e., guns, drugs, valuables) and of non-documentary evidence, and reductions of documentary exhibits larger than 8 ½" by 14" to be substituted for original exhibits after conclusion of the trial must be presented to opposing counsel for examination at the meeting to prepare the Joint Final Pretrial Statement. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement. The parties are advised that the design of certain courtrooms may preclude the use of large exhibits and posters in a jury trial. The parties are directed to contact the trial judge's courtroom deputy clerk to discuss exhibits and equipment to be used during trial.  Plaintiffs and Defendants shall use a numerical system to mark exhibits, i.e. 1, 2, 3, etc;

4.    Exchange the names and addresses of all witnesses and state whether they will likely be called.

**B.    The Joint Final Pretrial Statement**

1.    **Form of Joint Final Pretrial Statement** – On or before the date established in the above table, the parties shall file a Joint Final Pretrial Statement that strictly conforms to the requirements of Local Rule 3.06(c) and this Order. **This case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due**. Lead trial counsel for all parties, or the parties themselves if unrepresented, shall sign the Joint Final Pretrial Statement. The Court will strike pretrial statements that are unilateral, incompletely executed, or otherwise incomplete. Inadequate stipulations of fact and law will be stricken. Sanctions may be imposed for failure to comply, including the striking of pleadings. At the conclusion of the final pretrial conference, all pleadings are deemed to merge into the Joint Final Pretrial Statement, which will control the course of the trial. Local Rule 3.06(e).

2.    **Exhibit List** – The exhibit list filed in compliance with Local Rules 3.06(c)(4) and 3.07(b) must be on the Clerk's approved form (attached to this order). Unlisted exhibits will not be received into evidence at trial, except by order of the Court in the furtherance of justice. *See* Local Rule 3.06(e). The Joint Final Pretrial Statement must attach each party's exhibit list on the approved form, listing each specific objection ("all objections reserved" does not suffice) to each numbered exhibit that remains after full discussion and stipulation. Objections not made—or not made with specificity—are waived. Plaintiffs and Defendants shall use a numerical system to mark exhibits, i.e. 1, 2, 3, etc.

Five (5) days prior to the date trial commences, each party shall provide the Court with a copy of their exhibits in PDF format on CD. Plaintiff is responsible for submitting any joint exhibits to the Court on CD. Multiple-page exhibits must contain individual page numbers or bates numbers. Each exhibit shall be set forth in a separate file on the CD, clearly numbered and labeled for the Court's ease of reference. Composite exhibits may be set forth in one file. On the date trial commences, each party shall provide three (3) copies of their respective Exhibit List and Witness List to the Courtroom Deputy Clerk in the courtroom. Also on the day trial commences, one (1) set of original exhibits which include the appropriate colored exhibit tags stapled to the upper right hand corner of the first page shall be supplied to the Court. All exhibits shall be pre-marked pursuant to Local Rule 3.07. Joint exhibits which are not objected to shall be introduced and admitted at the outset of the trial. Photo substitutes of physical exhibits must be provided to the Courtroom Deputy Clerk at the close of evidence.

To avoid duplication of exhibits and to prevent confusion in the record, the parties are encouraged to submit all stipulated exhibits as joint exhibits in a single list rather than individually marked by each party. For example, if medical records or contract documents

are being stipulated into evidence, they should be marked as a Joint Exhibit and not listed separately by each party. Each party's individual exhibit list would then include only those additional exhibits to which objections have been asserted with the specific objection noted on the exhibit tag.

3. **Witness List** – On the witness list required by Local Rule 3.06(c)(5), the parties and counsel shall designate which witnesses will likely be called, and also designate which witnesses may be called. Absent good cause, the Court will not permit, over objection, testimony from unlisted witnesses at trial. This restriction does not apply to true rebuttal witnesses (i.e., witnesses whose testimony could not reasonably have been foreseen to be necessary). Records custodians may be listed but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. For good cause shown in compelling circumstances, the Court may permit presentation of testimony in open court by contemporaneous transmission from a different location. Fed. R. Civ. P. 43(a).

4. **Depositions** – The Court encourages stipulations of fact to avoid calling unnecessary witnesses. Where a stipulation will not suffice, the Court permits the use of depositions. At the required meeting, counsel and unrepresented parties shall specify in writing in the Joint Final Pretrial Statement the pages and lines of each deposition (except where used solely for impeachment) to be published to the trier of fact.

Counsel and unrepresented parties shall file their objections to deposition designations and their counter-designations by the date established in the table above. The objections to deposition designations shall take the form of a page-and-line description of any testimony objected to together with a citation to the authority for the objecting party's position. The parties shall use the attached form titled "Objections to Deposition Designations." The page-and-line description shall be in sequential order. If the same party was deposed on multiple dates, those page-and-line descriptions shall be set forth in separate charts as to each separate date of deposition. The objecting party may include its counter-designations in the same filing.

The parties shall also prepare for submission a highlighted copy as to the portion objected to by each party of any deposition or deposition excerpt on CD for the Court's review. The file name of each deposition should be clearly labeled and each deposition shall be contained in a separate file. The party shall deliver the CD to the Court on the day the objections to designations and counter-designations are due. By the date established in the table above, the parties shall file their objections to counter-designations.

Five (5) days prior to trial, the parties shall electronically file with the Court color-coded copies of deposition transcripts (preferably mini-script versions), reflecting, in

different highlighted colors, the deposition excerpts designated by each party, pursuant to the Court's ruling on the parties' objections.

   5.      **Joint Jury Instructions, Verdict Form, Voir Dire Questions** – In cases to be tried before a jury, the parties shall attach to the Joint Final Pretrial Statement **a single jointly proposed set of jury instructions in order of presentation to the jury**, together with a single jointly-proposed jury verdict form.  Local Rule 5.01(c). The parties should be considerate of their jury, and therefore should submit short, concise special verdict forms. The Court prefers the most recent pattern jury instructions approved by the United States Court of Appeals for the Eleventh Circuit. A party may include at the appropriate place in the single set of jointly-proposed jury instructions a contested charge, so designated with the name of the requesting party and bearing at the bottom a citation of authority for its inclusion, together with a summary of the opposing party's objection. The Court will deny outright a proposed instruction that is "slanted" in any way.  **Any modifications to Eleventh Circuit standard jury instructions are disfavored and shall be clearly marked and identified on the proposed jury instructions**.  **The Court requires that the parties send to the Chamber's e-mail [chambers_flmd_Byron@flmd.uscourts.gov] a single set of jury instructions and verdict form in Microsoft Word® format.** The parties may include in the Joint Final Pretrial Statement a single list of jointly-proposed questions for the Court to ask the venire during voir dire.

   **C.      Coordination of Joint Final Pretrial Statement** – All parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this order. Plaintiff's counsel (or plaintiff if all parties are proceeding *pro se*) shall have the primary responsibility to coordinate compliance with the sections of this order that require a meeting of lead trial counsel and unrepresented parties in person and the filing of a Joint Final Pretrial Statement and related material. *See* Local Rule 3.10 (relating to failure to prosecute). If the plaintiff is proceeding *pro se*, defense counsel shall coordinate compliance. If counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference.

   **D.      Trial Briefs** – In the case of a non-jury trial, on or before the date established above, each party shall file and serve a trial brief with proposed findings of fact and conclusions of law. The parties may file a trial brief on or before the same date in the case of a jury trial.

## IV.    MEDIATION

   **A.      Purpose** – To minimize costly pretrial procedures in a case that may be equitably settled, and to secure the just, speedy, and inexpensive determination of this

action, all parties shall participate in good faith in mediation. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 16(a)(5); Local Rules 1.01(b), 9.01(b).

**B.     The Mediator** – The Court prefers to appoint the certified and approved mediator, if any, chosen by the parties in their Case Management Report. If no such mediator has been chosen, the Court designates the default mediator listed in the above table pursuant to Local Rule 9.04. The mediator shall conduct the mediation conference in the conference room of the mediator's law firm or office at a time and date selected by the mediator within the confines of this order.

**C.     Last Date to Mediate** – The parties shall complete the mediation conference on or before the mediation date set forth in the above table. Despite Local Rule 9.05(d), **neither the mediator nor the parties have authority to continue the mediation conference beyond this date** except on express order of the Court. In any Track Three case, complex case, or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the last date to mediate.

**D.     Mediator's Authority** – The mediator shall have all powers and authority to conduct a mediation and to settle this case as are described in Chapter Nine of the Local Rules, except as limited by this order. **The mediation shall continue until adjourned by the mediator.** In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation. At such time, the mediator may designate one or more coordinating attorneys who shall be responsible for conferring with the mediator regarding the mediation conference. If necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this order.

**E.     General Rules Governing Mediation Conference**

**1.     Case Summaries** – Not less than two days prior to the mediation conference, each party shall deliver to the mediator a written summary of the facts and issues of the case.

**2.     Identification of Corporate Representative** – As part of the written case summary, counsel for each corporate party shall state the name and general job description of the employee or agent who will attend and participate with full authority to settle on behalf of the corporate party.

**3.     Attendance Requirements and Sanctions** – Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, **shall** attend and participate in the mediation

conference in person. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. The Court may impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

        4.    **Authority to Declare Impasse** – Participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation.

        5.    **Restrictions on Offers to Compromise** – Evidence of an offer to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations); Local Rule 9.07(b). All discussion, representations, and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Fed. R. Evid. 408; Local Rule 9.07. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

        **F.**    **Compensation of Mediators** – Absent agreement of the parties and the mediator, mediators shall be compensated at a reasonable hourly rate agreed to by the parties or provided by order of the Court, after consideration of the amount in controversy, the nature of the dispute, the resources of the parties, the prevailing market rate for mediators in the applicable market, the skill and experience of the mediator, and other pertinent factors. Unless altered by order of the Court, the cost of the mediator's services shall be borne equally by the parties to the mediation conference.

        **G.**    **Settlement and Report of Mediator** – A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator. *See also* Local Rule 9.06(b) and 3.08. Within **seven days** of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse. *See* Local Rule 9.06. The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this Order. *See* Local Rules 9.05(e) and 9.06(a).

## V.    FINAL PRETRIAL CONFERENCE

        **A.**    **Lead Trial Counsel and Parties** – If this order does not set a final pretrial conference date, the Court may later set a final pretrial conference on notice. **Lead trial**

**counsel and local counsel for each party, together with any unrepresented party, must attend the final pretrial conference in person unless previously excused by the Court**.  *See* Local Rule 3.06(d); Fed. R. Civ. P. 16(d).

      **B.**    **Substance of Final Pretrial Conference** – Since this case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due, at the final pretrial conference, all counsel and parties must be prepared and authorized to accomplish the purposes set forth in Federal Rules of Civil Procedure 16 and Local Rule 3.06, including formulating and simplifying the issues; eliminating frivolous claims and defenses; admitting facts and documents to avoid unnecessary proof; stipulating to the authenticity of documents; obtaining advance rulings from the Court on the admissibility of evidence; settling the dispute; disposing of pending motions; establishing a reasonable limit on the time allowed for presenting evidence; and such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.  *See* Fed. R. Civ. P. 16(c), (d).

## VI.    SANCTIONS

      The Court may impose sanctions on any party or attorney: 1) who fails to attend and to participate actively in the meeting to prepare the Joint Pretrial Statement, or who refuses to sign and file the agreed document; 2) who fails to attend the Final Pretrial Conference, or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, or who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or 4) who otherwise fails to comply with this order. Sanctions may include but are not limited to an award of reasonable attorney's fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court. *See* Fed. R. Civ. P. 16(f) and 37; Local Rules 9.05(c), (e); 28 U.S.C. § 1927

## VII.    TRIAL

      **A.**    **Trial Before District Judge** – A case scheduled for trial before a United States District Judge normally will be called for trial on the first day of the trial term indicated in the above table, or as soon after that date as possible in light of the Court's felony and civil trial calendar.[3]  Cases not reached for trial in the month scheduled will be carried over to the following month on a trailing trial calendar, and issued subpoenas will continue in force. Counsel, parties, and witnesses **shall be available on twenty-four hours notice for trial after the beginning of the trial term**. A different District Judge or visiting judge may try the case. Local Rule 1.03(d). The case may be set for trial in the Orlando Division, Tampa Division, Fort Myers Division, Ocala Division, or Jacksonville

---

[3] This case may be reassigned to a visiting District Judge at any time. In unusual and extraordinary circumstances, the Court may re-notice this case for trial shortly **before** the first day of the trial term if necessary to accommodate the trial schedule of the District Judge.

Division of the Court. Local Rule 1.02(e). Absent a showing of good cause, any party whose turn it is to provide evidence will be deemed to have rested if, during the hours designated for trial, the party has no further evidence or witnesses available.

**B.     Trial Before Magistrate Judge** – A case scheduled for trial before a United States Magistrate Judge will be called for trial on a date certain. With respect to a civil case that remains pending before a District Judge as of the date of this order, the United States District Judges of the Middle District of Florida wish to afford the parties the opportunity to consent to proceed before a Magistrate Judge. Consent must be unanimous. A United States Magistrate Judge is available pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(a) to conduct all further proceedings in this case (or specified motions in this case), to conduct a jury or non-jury trial **beginning on a date certain**, and to enter final judgment. A party may appeal a final judgment of a Magistrate Judge to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from the district court. 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73. A party is free to withhold consent without adverse consequences. 28 U.S.C. § 636 (c)(2); Fed. R. Civ. P. 73(b). Consent forms are attached to this order. Fed. R. Civ. P. 73(b); Local Rule 6.05.

**C.     Settlement** – Counsel shall immediately notify the Court upon settlement of any case.  Local Rule 3.08(a). The parties shall notify the Court of any settlement or other disposition of the case which will eliminate the need for a jury by 11:30 a.m. on the last business day before the date scheduled for jury selection. Failure to do so will subject each party to joint and several liability for jury costs. Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings, including the Final Pretrial Conference and for trial absent the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice of dismissal if prior to answer and motion for summary judgment).  Fed. R. Civ. P. 41(a).

**DONE AND ORDERED** in Orlando, Florida on March 13, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Attachments:

Exhibit List Form [mandatory form]
Magistrate Judge Consent / Entire Case
Magistrate Judge Consent / Specified Motions
Objections to Deposition Designations



# EXHIBIT LIST

_____ **Government**      _____ **Plaintiff**      _____ **Defendant**      _____ **Court**

**Case No.** _____

**Style:** _____

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

---

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objections.  Otherwise, specifically state each objection to each opposed exhibit.  Please note that each date box on the left must be one inch wide to accommodate the Clerk's stamp.

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| ENVIRONMENTAL MANUFACTURING SOLUTIONS, LLC, et al. | ) |
| *Plaintiffs* | ) |
| v. | ) |
| FLUID ENERGY GROUP, LTD., et al. | ) |
| *Defendants* | ) |

Civil Action No.    6:18-cv-156-Orl-40KRS

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

# UNITED STATES DISTRICT COURT
for the
### Middle District of Florida

| | |
|---|---|
| ENVIRONMENTAL MANUFACTURING SOLUTIONS, LLC, et al. | ) |
| *Plaintiff* | ) |
| *s* | ) |
| v. | ) Civil Action No.  6:18-cv-156-Orl-40KRS |
| FLUID ENERGY GROUP, LTD., et al. | ) |
| *Defendants* | ) |

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*  The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title).*

**Motions:** _____

_____

_____

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in accordance with 28 U.S.C. § 636(c).

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

## Objections to Deposition Designations

[Name and Date of Deposition 1]

| Begin Page/Line | End Page/Line | Objection |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

[Name and Date of Deposition 2]

| Begin Page/Line | End Page/Line | Objection |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## Counter-Designations

[Name and Date of Deposition]

| Begin Page/Line | End Page/Line |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |